| | |
|---|---|
| SHELL OFFSHORE INC.,<br>    **Plaintiff** | CIVIL ACTION |
| VERSUS | NO. 16-15537 |
| ENI PETROLEUM US LLC, ET AL.,<br>    **Defendants** | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is Defendants' Second Motion to Dismiss Certain Claims.[1] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Eni Petroleum US LLC ("Eni-LLC") and Eni US Operating Co. Inc. ("Eni-Operating") move to dismiss Shell Offshore Inc.'s ("Shell") claims for (1) breach of contract against Eni-Operating and (2) open account against both Eni-LLC and Eni-Operating.[2] Shell opposes the motion.[3]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] R. Doc. 131.
[2] R. Doc. 131 at 1.
[3] R. Docs. 148.
[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[7] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[8]

In deciding a 12(b)(6) motion to dismiss, it is well-established that "a district court may not go outside the complaint."[9] That is, the court should only look to the pleadings, and to any documents or exhibits attached to the pleadings.[10] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims."[11] A document in the record that is not referenced in the complaint or attached to the motion to dismiss may not be considered, however.[12] Further, the court may not take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).[13] Courts may also consider matters of which they may take judicial notice.[14] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial

---

[6] *Id.*
[7] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[8] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[9] *Gines v. Horton*, 699 F.3d 812, 821 (5th Cir. 2012).
[10] *Scanlan v. Tex. A&M Univ.* 343, F.3d 533, 536 (5th Cir. 2003).
[11] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).
[12] *Gines*, 699 F.3d at 820 fn.9.
[13] *See, e.g., Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss").
[14] *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[15]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[16] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[17] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[18]

## ANALYSIS

### I. Choice of Law

Shell asserts claims of breach of contract against both Eni-LLC, which is a party to the Unit Operating Agreement ("UOA"), and Eni-Operating, which is not.[19] Shell alleges that Eni-Operating is liable for breach of contract because, though Eni-Operating has no ownership interest in the various leases in the Popeye field, it "acquired contractual obligations related to the Popeye field."[20] Due to the extensive nature of these alleged obligations, Shell argues Eni-Operating was "functioning as one" with Eni-LLC, and as a result "it is not entitled to the protections of a corporate veil."[21] Shell contends that Eni-Operating may be held liable under Louisiana's "single business enterprise" doctrine, under which a plaintiff may "disregard the identities of a group of separate corporations."[22]

---

[15] Fed. R. Evid. 201(b).
[16] *Twombly*, 550 U.S. at 555.
[17] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[18] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[19] R. Doc. 119 at 2-3 ¶ 7, and 9 ¶¶ 35-41.
[20] R. Doc. 119 at 3.
[21] R. Doc. 119 at 5.
[22] *Green v. Champion Ins. Co.*, 90-0716 (La. App 1 Cir. 1991); 577 So. 2d 249, 257–58.

Defendants move to dismiss the breach of contract claim against Eni-Operating, arguing that (1) Eni-Operating is not a party to the UOA and has no ownership interest in the Popeye leases, and (2) Shell has not alleged sufficient facts to pierce Eni-LLC's corporate veil under an alter ego theory.[23] Plaintiff responds that Eni-Operating, by virtue of its deeply intertwined relationship with Eni-LLC, owed "contractual obligations to [Shell]" that give rise to Plaintiff's breach of contract claim.[24]

The parties agree that the law of Louisiana applies.[25] According to Defendants, Louisiana choice-of-law rules are applicable and require the Court to apply the law of the state of incorporation to any questions of corporate structure, which for Eni-Operating is Delaware.[26] Plaintiff argues that the substantive corporate law of Louisiana applies.[27]

The Court has subject matter jurisdiction pursuant to the Outer Continental Shelf Lands Act ("OCSLA").[28] OCSLA generally supersedes the normal choice-of-law rules that the forum would apply.[29] This Court has held that OCSLA's choice-of-law provision does not simply incorporate the conflict-of-law rules of the adjacent state; rather, OCSLA "is itself a choice of law provision which preempts any contrary choice of law provision found

---

[23] R. Doc. 131-1 at 1-6. Defendants interpret Shell's Third Amended Complaint to assert liability against Eni-Operating under an "alter ego" theory. Plaintiff has not alleged an alter ego theory. The Court need not address this portion of the Defendants' motion to dismiss.
[24] R. Doc. 148 at 1.
[25] In *Union Texas Petroleum Corp. v. PLT Engineering*,[25] the Fifth Circuit established the requirements for applying state law as surrogate federal common law under OCSLA. 895 F.2d 1043, 1047 (5th Cir. 1990). First, "[t]he controversy must arise on a situs covered by the OCSLA (i.e. the subsoil, seabed, or artificial structures permanently or temporarily attached thereto)." *Id.* Second, "[f]ederal maritime law must not apply of its own force." *Id.* Third, "[t]he state law must not be inconsistent with Federal law." *Id.*
[26] R. Doc. 131-1 at 5.
[27] R. Doc. 148 at 6-7.
[28] R. Doc. 119 at 2. *See* Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq., and 43 U.S.C. § 1349 (b)(1) (2012).
[29] *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 488 (1981).

in state law."[30] Accordingly, Shell is correct and the Court will apply the substantive law of Louisiana in this action.

II. Single Business Enterprise Theory

Under Louisiana law, the single business enterprise doctrines applies "where two or more business entities act as one. . . . [W]hen corporations integrate their resources in operations to achieve a common business purpose, each business may be held liable for wrongful acts done in pursuit of that purpose."[31] If a group of corporations constitutes a single business enterprise, "a court may disregard the concept of corporate separateness and extend liability to each of the affiliated corporations for the purpose of preventing fraud or achieving equity."[32] In determining whether a corporation is part of a single business enterprise, Louisiana courts consider eighteen factors:

1. Corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;
2. Common directors or officers;
3. Unified administrative control of corporations whose business functions are similar or supplementary;
4. Directors and officers of one corporation act independently in the interest of that corporation;
5. Corporation financing another corporation;
6. Inadequate capitalization ("thin incorporation");
7. Corporation causing the incorporation of another affiliated corporation;
8. Corporation paying the salaries and other expenses or losses of another corporation;
9. Receiving no business other than that given to it by its affiliated corporations;
10. Corporation using the property of another corporation as its own;
11. Noncompliance with corporate formalities;
12. Common employees;
13. Services rendered by the employees of one corporation on behalf of another corporation;
14. Common offices;

---

[30] *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. CV 13-0366, 2015 WL 13533521, at *4 (E.D. La. Feb. 27, 2015).
[31] *Brown v. ANA Insurance Group*, 2007-2116 (La. 10/14/08); 994 So. 2d 1265, 1266 n.2 (citing *Green v. Champion Ins. Co.*, 577 So. 2d 249 (La. App. 1 Cir. 1991).
[32] *Aker Sols., Inc. v. Shamrock Energy Sols.*, 2016 WL 4529828, at *2 (E.D. La. Aug. 30, 2016).

5

15. Centralized accounting;
16. Undocumented transfers of funds between corporations;
17. Unclear allocation of profits and losses between corporations; and
18. Excessive fragmentation of a single enterprise into separate corporations.[33]

None of these factors is dispositive.[34] Rather, courts look to the totality of the circumstances.[35]

Shell correctly points to the 18-factor *Green v. Champion Ins. Co.* test for application of the single business enterprise theory.[36] The Court has examined Shell's allegations in light of the *Green* factors to determine whether Shell has alleged sufficient facts to state a cause of action against Eni-Operating for liability for breach of contract under the single business enterprise theory.

1. <u>Corporations with identity or substantial identity of ownership</u>. This factor calls for the Court to inquire into the corporation's legal ownership.[37] Eni-LLC and Eni-Operating are both subsidiaries of Eni Petroleum Co. Inc. ("Eni-Inc."). 100% of Eni-Operating stock is owned by Eni-Inc. Eni-LLC is wholly owned by Eni-BB, which is wholly owned by Eni-Inc.[38] Accordingly, this factor supports a finding of a single business enterprise.

2. <u>Common directors or officers</u>. Shell alleges that Eni-Operating and Eni-LLC have "common boards of directors,"[39] and the common board of directors of the Eni corporations meet to discuss assets including Popeye.[40] Shell also alleges Leonardo

---

[33] *Green v. Champion Ins. Co.*, 90-0716 (La. App 1 Cir. 1991); 577 So. 2d 249, 257–58.
[34] *Id.*
[35] *Id.*
[36] R. Doc. 148 at 9.
[37] *Nussli US LLC, v. Nola Motorsports Host Committee, Inc.*, 2016 WL 4063823 (E.D. La. 2016).
[38] *See* R. Doc. 117 at 7.
[39] R. Doc. 119 at 11 ¶ 39(i).
[40] R. Doc. 119 at 13 ¶ 39(j).

6

Stefani, President and CEO of Eni-Operating, "directed non-payment of the Popeye-related AFEs/AFRs at issue."[41] This factor weighs in favor of a finding that Eni-Operating and Eni-LLC are a single business enterprise.

    3. <u>Unified administrative control of corporations</u>. Shell has not alleged any facts in support of this factor.

    4. <u>Directors and officers of one corporation act independently in the interest of that corporation.</u> Shell has not alleged any facts in support of this factor.

    5. <u>Corporation financing another corporation</u>. Shell alleges the corporate funds of Eni-Operating and Eni-LLC are "commingled."[42] This factor weighs in favor of a finding that Eni-Operating and Eni-LLC are a single business enterprise.

    6. <u>Inadequate capitalization.</u> As noted above, Shell alleges that Eni-Operating and Eni-LLC's corporate funds are undercapitalized. This factor weighs in favor of a finding that Eni-Operating and Eni-LLC are a single business enterprise.

    7. <u>Corporation causing the incorporation of another affiliated corporation</u>. Shell has not alleged any facts in support of this factor.

    8. <u>Corporation paying the salaries and other expenses or losses of another corporation</u>. Shell alleges that Eni-Operating pays the salaries of Eni-LLC's board of directors.[43] This factor weighs in favor of finding that Eni-Operating and Eni-LLC are a single business entity.

    9. <u>Receiving no business other than that given to it by its affiliated corporations.</u> Shell has not alleged any facts in support of this factor.

---

[41] R. Doc. 119 at 13 ¶ 39(r).
[42] R. Doc. 119 at 13 ¶ 39(v).
[43] R. Doc. 119 at 11 ¶ 39(f).

10. <u>Corporation using the property of another corporation as its own</u>. Shell has not alleged any facts in support of this factor.

11. <u>Noncompliance with corporate formalities</u>. Shell alleges, "[b]ecause Eni Operating was functioning as one with Eni LLC, and was not exercising the corporate formalities that entitle an entity to protection from piercing the corporate veil, Eni LLC's obligations extend to Eni Operating."[44] Shell further alleges, "Eni Operating and Eni LLC did not exercise statutory formalities for incorporating and transacting corporate affairs."[45] More specifically, Shell alleges that Eni Operating "failed to provide separate bank accounts and/or other bookkeeping records, and failed to hold regular and separate director meetings."[46] This factor weighs in favor of a finding that Eni-Operating and Eni-LLC are a single business enterprise.

12. <u>Common employees</u>. Shell alleges that Eni-LLC has no employees.[47] As a result, it can have no common employees with Eni-Operating. The Court concludes that this factor does not support Shell's single business enterprise theory.

13. <u>Services rendered by the employees of one corporation on behalf of another corporation</u>. Shell alleges Eni-Operating performs extensive services on behalf of Eni-LLC. For example, Shell states, "Eni Operating carries out the business associated with any oil and gas lease held by Eni LLC,"[48] and "Eni Operating handles the day-to-day-operations for the other Eni affiliates."[49] Further, Shell alleges "Eni Operating supports Eni LLC in whatever decision Eni LLC wants to carry out,"[50] "Eni operating employees

---

[44] R. Doc. 119 at 13 ¶ 39(t).
[45] R. Doc. 119 at 13 ¶ 39(u).
[46] R. Doc. 119 at 13 ¶ 39(w).
[47] R. Doc. 119 at 12 ¶ 39(l).
[48] R. Doc. 119 at 11 ¶ 39 (d).
[49] R. Doc. 119 at 11 ¶ 39(e).
[50] R. Doc. 119 at 12 ¶ 39(m).

8

carry out administrative and clerical tasks for Eni LLC,"[51] and "employees of Eni Operating receive the [Authority for Expenditure disclosures made pursuant to the UOA] and review them from a technical and economic standpoint."[52] This factor weighs in favor of a finding that Eni-Operating and Eni-LLC are a single business enterprise.

14. <u>Common offices</u>. The parties concede that Eni-Inc, Eni-BB, Eni-Operating, and Eni-LLC share the same headquarters.[53] This factor weighs in favor of a finding that Eni-Operating and Eni-LLC are a single business enterprise.

15. <u>Centralized accounting</u>. Shell alleges the corporate funds of Eni-Operating and Eni-LLC are "commingled."[54] This factor weighs in favor or a finding that Eni-Operating and Eni-LLC are a single business enterprise.

16. <u>Undocumented transfers of funds between corporations</u>. Shell has not alleged any facts in support of this factor.

17. <u>Unclear allocation of profits and losses between corporations</u>. Shell has not alleged any facts in support of this factor.

18. <u>Excessive fragmentation of a single enterprise into separate corporations</u>. Shell has not alleged any facts in support of this factor.

The Court finds that Shell has pleaded sufficient facts to state a claim for breach of contract against Eni-Operating based on the single business enterprise theory. Accordingly, Defendants' motion to dismiss is denied.

---

[51] R. Doc. 119 at 12 ¶ 39(n).
[52] R. Doc. 119 at 12 ¶ 39(p).
[53] *See* R. Doc. 117 at 8; R. Doc. 46 at 7-8 (citing R. Doc. 46-2 (Sealed copy of (1) Secretary Certificate, The Managers of Eni Petroleum US, L.L.C. and (2) Secretary Certificate of Eni Petroleum Co., Inc.)).
[54] R. Doc. 119 at 13 ¶ 39(v).

III. Open Account

Plaintiff also asserts claims against Eni-LLC and Eni-Operating under Louisiana's "open account" statute.[55] This statute provides in part:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim."[56]

Further:

> "[O]pen account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services.[57]

Shell avers the financial arrangement between it and the Defendants qualifies as an open account under Louisiana Law.[58] Shell argues that it operated in the role of a creditor, providing "the service of a successful completion of the four well abandonment campaign on credit" to Eni-LLC, and under its single business enterprise theory, to Eni-Operating.[59] Because payment on the joint account is overdue, Shell asserts that a claim under La R.S. § 9:2781 is appropriate.[60]

Citing Louisiana courts, the Fifth Circuit makes clear that "[a] contract is significantly different from an open account."[61] "A claim for breach of contract and a claim under the open account statute are considered distinct causes of action."[62] An open account is an account in which one party has opened a line of credit that is open to future

---

[55] R. Doc. 119 at 15. *See* LA. REV. STAT. § 9:2781.
[56] LA. REV. STAT. § 9:2781 (A).
[57] LA. REV. STAT. § 9:2781 (D).
[58] R. Doc. 119 at 14.
[59] R. Doc. 119 at 14-15.
[60] R. Doc. 119 at 18.
[61] *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 173-74 (5th Cir. 2007). *See also Tyler v. Haynes*, 1999-1921 (La. App. 3 Cir. 5/3/00), 760 So. 2d 559, 563.
[62] *Cambridge Toxicology Group, Inc.*, 495 F.3d at 173-74.

modification as a result of mutual expectations of prospective business dealings.[63] "A contract, however, is an agreement between two or more parties in which an offer is made by one of the parties and acceptance is made by the other party, thereby establishing a concurrence in understanding the terms."[64] The Louisiana Supreme Court has warned that the open account statute should be strictly construed, "because the award of attorney fees is exceptional and penal in nature."[65]

The Fifth Circuit has specifically addressed whether joint operating agreements like the one at issue in this case qualify as open accounts under Louisiana law. In *Caddo Oil v. O'Brien*[66], the Fifth Circuit held that an action for damages brought under a joint operating agreement is a suit in contract, not a suit on open account.[67] Shell argues the relevant portion of *Caddo Oil* is "dicta related to statute of limitations and is inapplicable to the facts presented in the instant matter."[68] The Court disagrees. In determining whether to apply the ten-year prescriptive period for breach of contract claims or the three-year period prescriptive period for open accounts, the Court had to decide whether disputes brought under joint operating agreements satisfy the Louisiana open accounts statute. "A suit to recover amounts due under a written operating agreement is a suit in contract, not a suit on an open account."[69]

Courts of other jurisdictions are in accord. Oklahoma courts found that Oklahoma's open account statute "did not apply to allow recovery of attorney fees by

---

[63] *See Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 173-74 (5th Cir. 2007).
[64] *Tyler*, 760 So. 2d at 563.
[65] *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 83-2141 (La. 4/2/84); 449 So.2d 1014.
[66] 908 F.2d 13 (5th Cir. 1990).
[67] *Id.* at 17.
[68] R. Doc. 148 at 11-12.
[69] *Caddo Oil*, 908 F.2d at 17.

nonoperating working interest owner under a joint operating agreement."[70] As in Louisiana, "'open account' is defined as unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions not reduced to writing and subject to future settlement and adjustment."[71]

The UOA is not an open account, because the UOA leaves nothing *open*. Although the UOA provides for ongoing dealings between the parties, it also includes strict provisions for the parties' financial obligations. This is not a case in which one party has left open a line of credit, subject to future adjustment. Rather, the parties, through the UOA, established specific terms for the provision of services by Shell and the subsequent remuneration by the nonoperating parties. Shell's open account causes of action against Eni-Operating and Eni-LLC are thus dismissed with prejudice.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Eni-Inc.'s Second Motion to Dismiss Certain Claims[72] pursuant to Rule 12(b)(6) is **GRANTED** in part and **DENIED** in part.

**New Orleans, Louisiana, this 25th day of October, 2017.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[70] *Oklahoma Oil & Gas Exploration Drilling Program*, 877 P.2d 605, 611 n.8 (Okla. Civ. App. 1994).
[71] *Id.*
[72] R. Doc. 131.