UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELL OFFSHORE, INC.** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 16-15537** |
| **ENI PETROLEUM US LLC, ET AL** | **SECTION: "E"(2)** |

## ORDER AND REASONS

Before the Court is Defendant Eni Petroleum US LLC's ("Eni") motion to file impeachment exhibits under seal.[1] For the reasons that follow, the motion is **DENIED**, and Eni's motion shall be unsealed and filed on the record.

On February 5, 2018, Eni filed a motion to file impeachment exhibits under seal. The Court granted the motion and conducted *in camera* review of the proposed exhibits.[2] Eni wishes to use two exhibits as impeachment evidence for Lance Labiche, one of Plaintiff Shell Offshore, Inc.'s ("Shell") expert witnesses. The two exhibits are emails sent by Mr. Labiche to Eni's counsel before Shell retained Mr. Labiche as expert witness in this case.[3]

In deciding this motion, the Court must decide whether the evidence is impeachment evidence or is, at least in part, substantive evidence.[4] In *Chiasson v. Zapata Gulf Marine Corp.*, the Fifth Circuit analyzed the distinction between impeachment evidence and substantive evidence.[5] The court held that evidence which is useful solely for impeachment purposes need not be disclosed prior to trial, but evidence that is "at the

---

[1] R. Doc. 268.
[2] R. Doc. 268.
[3] Mr. Labiche was retained by Eni's counsel as an expert witness in an unrelated matter. *Apache Corp. v. W&T Offshore, Inc.*, No. H-15-0063 (S.D. Tex. 2016).
[4] *See, e.g., Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993); *Williams v. Gaitsch*, No. 5:08-cv-0772, 2011 WL 2223813, at *2 (W.D. La. June 8, 2011).
[5] *Chiasson*, 988 F.2d at 517-18.

very least in part substantive" must be disclosed.[6] "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact."[7] "Impeachment evidence, on the other hand, is that which is offered to 'discredit a witness . . . to reduce the effectiveness of [his] testimony by bringing forth evidence which explains why the jury should not put faith in [his] or [her] testimony."[8]

In the first email, dated January 25, 2017, Mr. Labiche recommends that Eni's counsel contact Geoffrey Kimbrough as a possible expert witness in this matter. He writes, "I think he would be perfect for making the case that these subsea wells can be abandoned much cheaper than the majors are currently doing them for."[9] Eni contends that this email discredits Mr. Labiche's statement during his deposition that he never stated the Popeye abandonments could have been completed at a lower cost.

Eni exaggerates, or perhaps even misrepresents, the meaning of Labiche's statements in the email, however. Mr. Labiche does not express the opinion that the wells could have been abandoned at a lower cost; he is recommending only that Geoffrey Kimbrough would be the type of expert who would be qualified to express such an opinion. Read in context, the email has no value as impeachment evidence, as it does not "reduce the effectiveness of [Mr. Labiche's] testimony."[10] Nor is the email admissible as substantive evidence. The email does not have "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence," and thus is not relevant under Rule 401. The Court finds the email in Exhibit 1 may not be used at trial.

---

[6] *Id.*
[7] *Id.* at 517.
[8] *Id.*
[9] R. Doc. 168-1.
[10] *Chiasson*, 988 F.2d at 517.

In the second email, dated October 11, 2016, Mr. Labiche describes Shell's Gyrfalcon well as "the one that started the whole open water mess."[11] Eni argues that this email impeaches Mr. Labiche's deposition testimony that he "always respected everything" Shell did, and "didn't envision [him]self ever disagreeing with anything [Shell] said or did."

The Court has already ruled that (1) neither party may refer to the fact that an expert was retained by opposing counsel in another case, and (2) that neither party will refer to other lawsuits in which the parties have been involved.[12] Specifically regarding Mr. Labiche's deposition testimony, the Court made clear at the February 8, 2018 Pretrial Conference that Shell will not be allowed to elicit testimony at trial that Mr. Labiche "always respected everything" Shell did, because such testimony is not relevant. Because Mr. Labiche will not be allowed to testify that he always respected everything Shell did, the email in Exhibit 2 is irrelevant, and Eni may not use the email in order to impeach Mr. Labiche.

Accordingly;

The Court **HEREBY DENIES** Defendant Eni Petroleum US LLC's motion to file impeachment exhibits under seal.[13] It is **FURTHER ORDERED** that Eni's motion, with attachments, be unsealed and filed on the record.

**New Orleans, Louisiana, this 12th day of February, 2018.**

                                    *_____*
                                    **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 168-2.
[12] Order on R. Doc. 276 at ¶ 12. [UPDATE AFTER MILS ARE DOCKETED]
[13] R. Doc. 268.