UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHELL OFFSHORE, INC.,<br>    Plaintiff | CIVIL DOCKET |
| VERSUS | NO. 16-15537 |
| ENI PETROLEUM US LLC, ET AL.,<br>    Defendants | SECTION: "E"(2) |

## ORDER AND REASONS

Plaintiff Shell Offshore, Inc. ("SOI") retained Dr. Robert Maness, an economist, to provide an analysis of the damages SOI allegedly incurred during the offshore plug and abandonment ("P&A") of the four wells at issue in this case, Green Canyon Block 166 (the "Popeye wells"). Defendant ENI Petroleum US LLC ("ENI") objects to certain opinions offered by Dr. Maness in his expert report, arguing Dr. Maness's testimony should be limited to his analysis of SOI's alleged damages only.[1]

## LAW AND ANALYSIS

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case."[2] The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, provides the analytical framework for determining whether expert

---

[1] R. Doc. 189.
[2] FED. R. EVID. 702.

1

testimony is admissible under Rule 702.[3] Under the *Daubert* framework, district courts serve as "gatekeepers," tasked with making a preliminary assessment of whether the proffered expert testimony is both reliable and relevant.[4] The party offering the expert opinion must show, by a preponderance of the evidence, that the expert's testimony satisfies *Daubert* and is both reliable and relevant.[5]

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[6] "The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation."[7] In *Daubert*, the Supreme Court enumerated several non-exclusive factors that courts may consider in evaluating the reliability of expert testimony.[8] "These factors are (1) whether the expert's theory can or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community."[9] The Supreme Court cautioned that the reliability analysis must be flexible: the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[10] Thus, "not every *Daubert* factor will be applicable in every situation . . .

---

[3] 509 U.S. 579 (1993).
[4] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)).
[5] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).
[6] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). *See also Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584–85 (5th Cir. 2003).
[7] *Burst v. Shell Oil Co.*, 12o F. Supp. 3d 547, 550 (E.D. La. 2015) (internal citations omitted).
[8] *Daubert*, 509 U.S. at 592–96.
[9] *Bocanegra*, 320 F.3d at 584–85 (citing *Daubert*, 509 U.S. at 593–94).
[10] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

and a court has discretion to consider other factors it deems relevant."[11] In sum, the district court is offered broad latitude in making expert testimony determinations.[12]

Expert testimony, to be admissible under Rule 702, must also be relevant.[13] In assessing whether proposed expert testimony is relevant to a particular case, the district court must, at all times, remain "cognizant of Rule 702's requirement that expert evidence or testimony must assist the trier of fact to understand the evidence or determine a fact in issue; expert testimony that does not relate to any issue in the case is not relevant."[14] The court should consider "whether the reasoning or methodology 'fits' the facts of the case and will thereby assist the trier of fact to understand the evidence."[15] Moreover, "[i]f an opinion is fundamentally unsupported, then it offers no expert assistance to the jury," is not relevant to the case, and should be excluded.[16]

ENI does not object to Dr. Maness' testimony on the first issue covered by his report, the calculation of Shell's damages based on Shell's invoices plus interest. Instead, ENI moves to exclude Dr. Maness' testimony on the second issue, the difference between Shell's estimated and actual costs for the Popeye P & A operations and purported causal factors for the difference, and the third issue, the difference between Shell's estimates for using the Atwood Condor and the other alternative analyzed by Shell.

With respect to the second issue, Dr. Maness acknowledged in his deposition that he performed a mathematical calculation to determine the difference between the

---

[11] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 326 (5th Cir. 2004).
[12] *See, e.g., Kumho Tire*, 526 U.S. at 151–53.
[13] *See Daubert*, 509 U.S. at 589–91.
[14] *Hagan v. Jackson Cnty., Miss.*, No. 1:13CV268-HSO-RHW, 2016 WL 1091107, at *5 (citing *Daubert*, 509 U.S. at 591).
[15] *Nagle v. Gusman*, No. 12-1910, 2016 WL 560688, at *5 (E.D. La. Feb. 12, 2016) (citing *Daubert*, 509 U.S. at 591).
[16] *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)) (internal quotation marks omitted). *See also Nagle*, 2016 WL 560688, at *5.

estimated cost and the actual costs based on information provided by Shell and apparently undisputed by ENI.[17] Shell's fact witnesses will offer testimony based on their personal knowledge about these amounts, and the Court will allow those witnesses to testify as to the difference between the two amounts, if Shell desires, subject to cross-examination if they err. The members of the jury will be able to assess the correctness of this number and whether the actual costs were lower than the project costs based on their own common experience and knowledge. Expert testimony is not necessary to aid the jury on this issue. Dr. Maness' testimony with respect to the causes of the actual cost being lower than the projected cost are based exclusively on an email drafted by Shell's Scott Sanantonio[18] and Dr. Maness admits that he did no independent expert analysis of these factors.[19] It is not helpful to the jury for Dr. Maness to merely accept and repeat what Mr. Sanantonio said in his email.

With respect to the third issue, the difference between Shell's estimates for using the Atwood Condor and the cost of the other alternative analyzed by Shell, Dr. Maness admittedly did no independent analysis and instead relied on Shell's internal analysis, primarily a Shell "Management of Change" memorandum and the testimony of Mr. Sanantonio.[20] Shell's witnesses will testify as to the basis of and results of the analysis. It is not helpful to the jury for Dr. Maness to parrot the Shell testimony as his own.

Accordingly;

---

[17] R. Doc. 189-3 at 19.
[18] R. Doc. 189-4 at 2-3.
[19] R. Doc. 189-3 at 12-14.
[20] R. Doc. 189-2 at 17-19.

4

## **CONCLUSION**

Defendant ENI Petroleum US LLC's motion in limine to limit the testimony of Dr. Robert Maness [21] at trial is **GRANTED.**

**New Orleans, Louisiana, this 28th day of March, 2018.**

                                                */s/ Susie Morgan*
                                   **SUSIE MORGAN**
                        **UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. 189.